UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
RICHARD P. HOBBS,

      *Plaintiff*,

        -against-

NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, *et al.*,

      *Defendants*.
--------------------------------X

**MEMORANDUM & ORDER**

20-CV-00694(KAM)

**MATSUMOTO, United States District Judge:**

On February 3, 2020, plaintiff Richard P. Hobbs filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). For the reasons discussed below, plaintiff's request to proceed *in forma pauperis* is granted, but the complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

## BACKGROUND

Plaintiff's complaint is difficult to comprehend.  The handwritten sections of plaintiff's complaint are largely

illegible. The typed portion of plaintiff's complaint consists of rambling allegations.  As best as can be ascertained, plaintiff alleges that defendants, including—President Donald Trump, Governor Andrew Cuomo, Mayor Bill de Blasio, the United States Coast Guard, the New York City Department of Transportation, and the Metropolitan Transit Authority—treat homeless individuals poorly.  Plaintiff asserts that he has not been able to sleep in public spaces for more than two hours without being disturbed.  (ECF No. 1, Compl. 1.)  Plaintiff further states in conclusory language that homeless shelters are not safe.  Plaintiff notes that he aspires to be "the first poor homeless conservative Republican to be President of the US" and appears to seek the court's guidance in ascertaining what steps he must take in order to be considered a candidate.  (*Id.* 18).  It is unclear what relief plaintiff seeks.

**STANDARD OF REVIEW**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it may suggest. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).  At

the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of the claim against each named defendant so that each has adequate notice of the alleged facts supporting

each causes of action.  *Iqbal,* 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal citations and alterations omitted).  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Given the incoherency of the complaint, the court cannot determine exactly what claims plaintiff is attempting to allege against each defendant and thus, cannot evaluate whether plaintiff's allegations state a claim for relief.  Neither the court nor defendants should have to parse through the complaint to ascertain the factual basis for plaintiff's claims.  Even liberally construing the complaint in plaintiff's favor, it fails to state a claim upon which relief can be granted. The court, therefore, will dismiss the complaint without prejudice to allow plaintiff to file an amended complaint.

## LEAVE TO AMEND

In light of plaintiff's *pro se* status, he is granted 30 days from the date of this memorandum and order to file an

amended complaint. Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional or federal rights and must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of his claim.  Plaintiff must name as proper defendants those individuals who have some personal involvement in the acts he alleges in the amended complaint. *See Iqbal,* 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").  If plaintiff wishes to bring a claim against a defendant and he does not know the name of the individual, he may identify each as John or Jane Doe, and to the best of his ability describe each individual, including by description of physical features or other pertinent characteristics, and explain what each defendant did or failed to do in violation of plaintiff's constitutional or federal rights. The amended complaint must be clearly printed or typewritten and indicate what each defendant did or failed to do to violate plaintiff's rights.

### CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for

failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty days leave from the date of this Memorandum and Order to file an amended complaint, as detailed above. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this case shall enter.  All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   May 6, 2020
         Brooklyn, New York

                              _____/s/_____
                              Kiyo A. Matsumoto
                              United States District Judge